UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD LEWIS DAVIS,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL W. CARROLL,<br><br>    Respondent. | Civil Action<br>No. 22-1001 (CPO)<br><br>**OPINION** |

**O'HEARN, District Judge.**

Petitioner is a federal prisoner, and he is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Before the Court is Respondent's motion to dismiss the Petition. (ECF No. 12.) For the reasons set forth below, the Court will grant the motion, dismiss the Petition for lack of jurisdiction, and will not issue a certificate of appealability.

I.   BACKGROUND

This case arises from Petitioner's local convictions from the District of Columbia ("D.C."). In June of 2011, Petitioner pleaded guilty pursuant to a plea agreement to two counts of first-degree sexual abuse by force, in violation of D.C. Code § 22-3002. (ECF No. 12-1, at 56–58.) Petitioner had sexually assaulted a seventeen-year-old girl as she was walking home from school. (*Id*. at 60–62.) In March of 2012, the D.C. Superior Court imposed an aggregate sentence of 25 years in prison for those charges. (*Id*. at 75.)

Petitioner did not file a notice of appeal. Petitioner did, however, file three collateral challenges, through motions to vacate under D.C. Code § 23-110. (*Id*. at 71, 73, 74.) The D.C. Superior Court denied the first two motions on May 28, 2015, and on January 30, 2017,

respectively. (*Id*. at 73–74.) Petitioner's third motion to vacate remains pending as of the date of this Opinion. (*Id*. at 4.)

Additionally, Petitioner filed a federal petition for writ of habeas corpus with the U.S. District Court for the District of Columbia, and in June of 2014, that court dismissed the petition for lack of jurisdiction. *Davis v. Winn*, No. 14-0613, 2014 WL 2882497, at *1 (D.D.C. June 25, 2014). Petitioner had raised, among other things, ineffective assistance of counsel and plea agreement related claims. *Id*. The D.C. District Court dismissed the petition, finding that D.C. Code § 23-110(g) deprived federal courts of jurisdiction to hear Petitioner's claims. *Id*.

Petitioner filed the instant § 2254 Petition in February of 2022, again raising ineffective assistance of counsel claims and challenging the trial court's decision to accept the plea agreement. (D.E. 1, at 5–9.) Respondent filed a motion to dismiss, and Petitioner filed an Opposition. (ECF Nos. 12, 13.) Respondent did not file a reply.

## II. STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004). A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "[f]ederal courts . . . [may] dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the

petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### III. DISCUSSION

In his motion, Respondent argues, among other things, that this Court lacks jurisdiction under 28 U.S.C. § 2254 to hear Petitioner's claims. Respondent contends that D.C. Code § 23-110(g) deprives this Court of jurisdiction to hear Petitioner's challenges to his convictions and sentences. This Court agrees.

Prisoners serving sentences from the D.C. Superior Court may challenge their convictions and sentences through § 23-110(a) of the D.C. Code, which provides the following remedy:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside or correct the sentence.

D.C . Code § 23-110(a). Further, § 23-110(g) includes an exclusivity provision that states:

> (g) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section s*hall not be entertained by the Superior Court or by any Federal or State court* if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g) (emphasis added).

In light of that exclusivity provision, the Third Circuit has held that: "federal courts lack jurisdiction to entertain the habeas corpus petition of a District of Columbia prisoner, absent a showing that his remedy pursuant to D.C. Code . . . § 23-110 is 'inadequate or ineffective to test

the legality of' the detention." *Austin v. Miner*, 235 F. App'x 48, 50 (3d Cir. 2007) (quoting D.C. Code § 23-110(g)) (citing *Swain v. Pressley*, 430 U.S. 372, 381 (1977)); *see also Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) (holding that § 23-110(g) "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)"). As a result, the writ of habeas corpus is "unavailable to District of Columbia offenders unless the local remedy is inadequate or ineffective." *E.g.*, *Smith v. White*, No. 1:20-942, 2020 WL 4226567, at *3 (M.D. Pa. July 23, 2020); *Champion v. Beasley*, No. 3:18-2421, 2020 WL 3488594, at *3–4 (M.D. Pa. June 26, 2020); *Davis*, 2014 WL 2882497, at *1.

To determine whether the remedy available "under § 23-110 is inadequate or ineffective hinges on the same considerations enabling federal prisoners to seek habeas relief" under 28 U.S.C. § 2255, as "§ 2255 and D.C. Code § 23-110 are coextensive." *Smith*, 2020 WL 4226567, at *3 (quoting *Wilson v. Office of Chairperson, D.C. Bd. of Parole*, 892 F. Supp. 277, 280 (D.D.C. 1995)); *Champion*, 2020 WL 3488594, at *3–4. Consequently, a remedy is "inadequate or ineffective," where "the petitioner demonstrates that some limitation or procedure would prevent a [§ 23-110] proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cf. Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (addressing § 2255). However, § 23-110 "is not inadequate or ineffective" merely because the D.C. Superior Court "considered the claim and denied relief." *Smith*, 2020 WL 4226567, at *3; *Champion*, 2020 WL 3488594, at *3–4. "It is the inefficacy of the remedy, not [one's] personal inability to use it, that is determinative." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986); *Smith*, 2020 WL 4226567, at *3; *cf. Cradle*, 290 F.3d at 538.

With those principles in mind, Petitioner challenges the legality and validity of his D.C. convictions and sentences. Petitioner, however, has not met his burden to demonstrate that § 23-

4

110 of the D.C. Code "is inadequate or ineffective to test the legality of [his] detention." *Austin*, 235 F. App'x at 50. In his Petition, Petitioner raises ordinary ineffective assistance of counsel claims and claims related to his plea agreement. (ECF No. 1, at 4–9.) Section 23-110 is not inadequate or ineffective to hear claims of ineffective assistance of counsel. *See, e.g.*, *Junior v. United States*, 634 A.2d 411, 417 (D.C. Ct. of App. 1993); *Godfrey v. United States*, 454 A.2d 293, 302 (D.C. Ct. of App. 1982). Similarly, § 23-110 is not inadequate or ineffective to hear challenges regarding one's plea agreement. *See, e.g.*, *Eldridge v. United States*, 618 A.2d 690, 694–95 (D.C. Ct. of App. 1992); *Williams v. United States*, 408 A.2d 996, 999 (D.C. Ct. of App. 1979).

In his Opposition, Petitioner contends that § 23-110 is inadequate or ineffective because his third motion to vacate[1] has been pending with the D.C. Superior Court since March of 2021. (D.E. 13, at 3–5.) In the § 2255 context, Courts have generally held that delays in the disposition of § 2255 motions do not render it an inadequate remedy.[2] *E.g.*, *United States v. Pirro*, 104 F.3d 297, 300 (9th Cir. 1997) (citing *Winston v. Mustain*, 562 F.2d 565, 566-67 (8th Cir. 1977)). The Third and Seventh Circuits, however, have left open the possibility that an extraordinary delay might render § 2255 inadequate or ineffective. *McCarthy v. Dir. of Fed. Bureau of Prisons*, 245 F. App'x 118, 120 (3d Cir. 2007) (assuming without deciding that an extraordinary delay might render § 2255 inadequate or ineffective); *Stirone v. Markley*, 345 F.2d 473, 475 (7th Cir. 1965).

---

[1] Petitioner appears to have raised the same claims in both his third motion to vacate and the instant § 2254 Petition. (ECF No. 1, at 5–9.)

[2] Courts have arrived at that conclusion by reasoning that "time delays do not operate to confer jurisdiction if jurisdiction does not otherwise exist," and because § 2255 "does not prescribe a timetable for . . . ultimate disposition." *United States v. Pirro*, 104 F.3d 297, 300 (9th Cir. 1997). (internal quotation marks omitted).

5

Applying the Third Circuit's reasoning to § 23-110, this Court will assume, "without deciding, that an inordinate delay in obtaining a ruling on a [§ 23-110] motion might, under some circumstances, render . . . that section inadequate or ineffective." *Cf. McCarthy*, 245 F. App'x at 120 (citing *United States v. Dago*, 441 F.3d 1238, 1242, 1248–49 (10th Cir. 2006) (addressing § 2255 motions and noting that a 7-year delay in a case with active litigation did not render § 2255 inadequate or ineffective). Here, Petitioner's third § 23-110 motion has remained pending for approximately 24 months. This Court finds that such a delay is not so extraordinary as to render § 23-110 inadequate or ineffective. This Court is aware that courts around the country have faced and continue to face backlogs due to the COVID-19 pandemic, among other reasons. In any event, in the comparable setting of § 2255 motions, it is not unusual for cases to require two or more years for disposition.

Additionally, if Petitioner believes that the D.C. Superior Court "has unduly delayed his proceeding," he can file a motion to expedite with that court, or "he can seek a writ of mandamus" from the D.C. Court of Appeals. *Cf. McCarthy*, 245 F. App'x at 120. This Court, of course, expresses no opinion on the merits of any such motion or writ. For all those reasons, this Court finds that § 23-110 is not inadequate or ineffective to hear Petitioner's claims. As a result, D.C. Code § 23-110(g) divests this Court of jurisdiction to hear this case. Accordingly, the Court will grant Respondent's motion and dismiss this matter for lack of jurisdiction.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, a litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a

habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not disagree with the Court's conclusion that it lacks jurisdiction in this matter. Accordingly, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion to dismiss, dismiss the Petition for lack of jurisdiction, and will not issue a certificate of appealability. An appropriate Order follows.

DATED: April 10, 2023

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**